CHICAGO ROLLER SKATE MANUFACTURING COMPANY, INC., A CORPORATION, APPELLEE, v. SOKOL MANUFACTURING COMPANY, A PARTNERSHIP, APPELLANT.
177 N. W. 2d 25

Filed May 8, 1970. No. 37368.

Robek & Geschell and Barney, Carter & Buchholz, for appellant.

Moyer & Moyer and Hal B. Hasselbalch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and HUBKA, District Judge.

NEWTON, J.

This is an action for damages for breach of contract. A jury was waived and trial had to the court. Defendant purchased of plaintiff truck and wheel assemblies with plates and hangers for use in the manufacture of

skate boards. The skate board fad terminated and several weeks later, defendant returned, without plaintiff's consent, a quantity of the merchandise purchased. There was due plaintiff the sum of $12,860. The merchandise was not suitable for other uses and could not be resold. It was held by plaintiff for 7 months. Plaintiff offered a credit of 70 cents per unit which defendant neither accepted nor rejected. Plaintiff then disassembled, cleaned, and rebuilt the units to make them suitable for use on roller skates. The undisputed evidence shows the rebuilt units had a reasonable value of 67 cents and 69 cents. In the salvage operation plaintiff incurred an expense of $3,540.76. Profits lost amounted to an additional $2,572. Plaintiff, disregarding its expense, credited defendant with 70 cents per unit and brought suit for the balance due of $4,285 for which sum it recovered judgment in the trial court. We affirm the judgment.

Section 1-103, U. C. C., provides: "Unless displaced by the particular provisions of this act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, * * * or other validating or invalidating cause shall supplement its provisions."

Section 1-106, U. C. C., provides in part: "(1) The remedies provided by this act shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special nor penal damages may be had except as specifically provided in this act or by other rule of law."

Section 1-203, U. C. C., states: "Every contract or duty within this act imposes an obligation of good faith in its performance or enforcement."

Section 2-718 (4), U. C. C., provides: "Where a seller has received payment in goods their reasonable value or the proceeds of their resale shall be treated as payments * * *."

In accordance with section 2-709, U. C. C., plaintiff was entitled to hold the merchandise for defendant and recover the full contract price of $12,860. Plaintiff did not elect to enforce this right, but recognizing that there was no market for the goods or resale value and that they were consequently worthless for the purpose for which they were designed, it attempted to mitigate defendant's damages by converting the goods to other uses and credited defendant with the reasonable value of the goods as converted or rebuilt for use in roller skates. In so doing, plaintiff was evidencing good faith and conforming to the general rule requiring one damaged by another's breach of contract to reduce or mitigate damages. See Selig v. Wunderlich Contracting Co., 160 Neb. 215, 69 N. W. 2d 861.

The Uniform Commercial Code contemplates that it shall be supplemented by existing principles of law and equity. It further contemplates that the remedies provided shall be liberally administered to the end that an aggrieved party shall be put in as good a position as it would have been in if the contract had been performed. Here the buyer was demanding of the seller credit for the full contract price for goods that had become worthless. The seller was the aggrieved party and a return of worthless goods did not place it in as good a position as it would have been in had the contract been performed by the buyer paying the contract price. On the other hand, the crediting to defendant of the reasonable value of the rebuilt materials and recovery of the balance of the contract price did reasonably reimburse plaintiff. This procedure appears to be contemplated by section 2-718 (4), U. C. C., which requires that a seller paid in goods credit the buyer with the reasonable value of the goods.

It is the defendant's theory that since the goods were not resold or held for the buyer, the seller cannot maintain an action for the price. We agree with this proposition. We also agree with defendant in its conten-

tion that the controlling measure of damages is that set out in section 2-708 (2), U. C. C. This section provides that the measure of damages is the profit which the seller would have made from full performance by the buyer, together with any incidental damages resulting from the breach and costs reasonably incurred. Defendant overlooks the provision for allowance of incidental damages and costs incurred. The loss of profits, together with the additional costs or damage sustained by plaintiff amount to $6,112.76, a sum considerably in excess of that sought and recovered by plaintiff. Although the case was tried by plaintiff and determined on an erroneous theory of damages, the error is without prejudice to defendant. There being no cross-appeal, the judgment of the district court is affirmed.

AFFIRMED.